1

2

3

4

5

6

7

8

9          UNITED STATES DISTRICT COURT

10    CENTRAL DISTRICT OF CALIFORNIA-WESTERN DIVISION

11

12

13

14

15   DICKIE AMMED MORALES,          ) CV 13-5176-SH
                                     )
16                                   ) MEMORANDUM DECISION
                  Plaintiff,         ) AND ORDER
17                                   )
         v.                          )
18                                   )
                                     )
19   CAROLYN W. COLVIN, Comm.        )
     Social Security Administration, )
20                                   )
                  Defendant.         )
21   _____)

22        This matter is before the Court for review of the decision by the

23   Commissioner of Social Security denying plaintiff's application for Disability

24   Insurance Benefits under Title II of the Social Security Act.  Pursuant to 28 U.S.C.

25   §636(c), the parties have consented that the case may be handled by the

26   undersigned.  The action arises under 42 U.S.C. § 405(g), which authorizes the

27   Court to enter judgment upon the pleadings and transcript of the record before the

28   Commissioner.

1

# I. <u>BACKGROUND</u>

This Complaint seeks to overturn the Decision of the Social Security Commissioner denying disability benefits.

On April 8, 2010, Dickie Morales filed a claim for Disability Insurance Benefits.  Administrative Record ["AR"] 132.  After Plaintiff's claim was denied on September 13, 2010 and January 3, 2011, he requested a hearing before an Administrative Law Judge (ALJ).  AR 63, 67, 73.  The ALJ denied Plaintiff's claim on October 6, 2011, and the Appeals Council denied Plaintiff's request for review on May 18, 2013.  AR 1.  The plaintiff filed a Complaint in the United States District Court on July 16, 2013.

The plaintiff and the defendant have filed their pleadings (Plaintiff's Brief in Support of Complaint ["Plaintiff's Brief"]; Defendant's Memorandum in Support of Defendant's Answer ["Defendant's Answer"]); Plaintiff's Reply to Defendant's Memorandum ["Plaintiff's Reply"]); and the defendant has filed the certified transcript of record.  After reviewing the matter, the Court concludes that the decision of the Commissioner should be reversed and remanded.

# II. <u>DISCUSSION</u>

**The ALJ erred in finding the plaintiff not credible.**

Once a claimant produces objective medical evidence of an underlying impairment that could reasonably be expected to produce the pain or other symptoms alleged, and there is no affirmative evidence of malingering, the ALJ may reject the claimant's testimony regarding the severity of his pain and symptoms only by articulating clear and convincing reasons for doing so. <u>Smolen v. Chater</u>, 157 F.3d 1273, 1281 (9th Cir. 1996); <u>see</u> <u>also</u> <u>Reddick v. Chater</u>, 157 F.3d 715, 722 (9th Cir. 1998); <u>Light v. Social Sec. Admin.</u>, 119 F.3d 789, 792 (9th Cir. 1997).

The plaintiff claimed in his function reports that he was unable to lift more

1   than ten pounds, walk for more than ten minutes, stand for more than twenty

2   minutes, or pay attention for more than twenty minutes.  AR 22.  The plaintiff

3   also testified that he could not sit for more than thirty minutes.  AR 22.  In

4   addition, the plaintiff noted in his pain questionnaire that constant pain interfered

5   with his sleep.  AR 22.

6       Plaintiff asserts that the ALJ failed to provide clear and convincing reasons

7   for finding him not credible when determining that he had a Residual Functional

8   Capacity ("RFC") of sedentary exertion.  The ALJ held that Plaintiff's alleged

9   impairments undermined his credibility because these limitations were

10  inconsistent with the plaintiff's ability to "regularly attend church, socialize with

11  friends over the phone, read, watch television, shop by phone and mail, prepare

12  simple meals, perform light household tasks, and care for the household pet".

13  AR 22.

14      Such daily activities are not inconsistent with the plaintiff's alleged

15  limitations.  None of these activities require lifting more than ten pounds,

16  walking or standing for more than several minutes at a time, or sitting for more

17  than thirty minutes, presuming that the plaintiff is permitted to sit and stand in

18  church as needed to relieve his discomfort.  Vertigan v. Halter, 260 F.3d 1044,

19  1049-50 (9th Cir. 2001) ("the mere fact that a plaintiff has carried on certain

20  daily activities, such as grocery shopping, driving a car, or limited walking for

21  exercise, does not in any way detract from her credibility as to her overall

22  disability.").  Furthermore, Plaintiff's alleged inability to pay attention for more

23  than twenty minutes would not preclude him from attending church, holding

24  short phone conversations, reading in small increments, watching television,

25  shopping, preparing simple meals, performing light household work, or caring

26  for a pet.

27      The defendant cites Burch v. Barnhart, 400 F.3d 676, 680 and Thomas v.

28  Barnhart, 278 F.3d 948, 959, two cases in which the ALJ properly discounted

1  Plaintiff's credibility because Plaintiff's ability to perform daily activities such as

2  cooking, accomplishing simple household tasks, and shopping suggested the

3  ability to work.  However, in Burch, the ALJ "did not solely rely on . . . Burch's

4  daily activities in discrediting her testimony", but also noted that the plaintiff's

5  testimony was suspect because she had not sought additional treatment after her

6  diagnosis.  Burch at 680, 681.  Similarly, in Thomas, the plaintiff's daily

7  activities were just one factor the ALJ considered in dismissing the plaintiff's

8  credibility.  The ALJ in Thomas found that the plaintiff's history of

9  unemployment prior to her disability and her conflicting testimony of prior drug

10  and alcohol use also contributed to her lack of credibility.  Thomas at 959.

11      Here, the ALJ discounted Mr. Morales' credibility based solely on his

12  inconsistent alleged functional limitations.  Because Mr. Morales' daily activities

13  were not inconsistent with his alleged limitations, and since the physicians'

14  objective findings cannot, by themselves, support the credibility finding, the ALJ

15  improperly discounted Mr. Morales' credibility when determining his RFC

16  designation.  See Vertigan v. Halter, 260 F.3d 1044, 1050 (9th Cir. 2001) ("One

17  does not need to be 'utterly incapacitated' in order to be disabled."); Reddick v.

18  Chater, supra ("Only if the level of activity were inconsistent with the Claimant's

19  claimed limitations would these activities have any bearing on Claimant's

20  credibility"); Cooper v. Bowen, 815 F.2d 557, 561 (9th Cir. 1987).

21  **The ALJ erred in finding that sleep apnea and varicose veins were non-**

22  **severe impairments.**

23      The "severe" impairment requirement is a threshold element which plaintiff

24  must prove in order to establish disability within the meaning of the Act.  Bowen

25  v. Yuckert, 482 U.S. 137, 146 (1987).  An impairment will be considered non-

26  severe when medical evidence establishes only a "slight abnormality or

27  combination of slight abnormalities which would have not more than a minimal

28  effect on the individual's ability to work, even if age, education or work

1 | experience were specifically considered."  Social Security Ruling 85-28; <u>Bowen</u>
2 | <u>v. Yuckert</u>, 482 U.S. at 154.

3 |     Here, the ALJ found that the plaintiff's sleep apnea was a non-severe
4 | impairment.  AR 19.  Dr. Pedram Navab, the doctor who performed the sleep
5 | study, stated that Plaintiff's sleep apnea was a Class 2 impairment indicating
6 | reduced daytime alertness.  AR 248.  The ALJ found that the plaintiff's sleep
7 | apnea was not a severe impairment because it "should be amenable to proper
8 | control by adherence to recommended medical management".  AR 19.

9 |     However, although Dr. Navab found that better sleep hygiene and use of a
10 | nasal CPAP machine could help relieve the plaintiff's condition, he also opined
11 | that if the plaintiff took these remedial measures, the plaintiff's sleep apnea
12 | would still restrict his ability to perform work requiring complete awareness and
13 | concentration.  AR 247, 249.  Since the ALJ did not reject Dr. Navab's opinion
14 | that sleep apnea would have more than a minimal effect on the plaintiff's ability
15 | to work even if the plaintiff took remedial measures, sleep apnea met the de
16 | minimis standard required for a severe impairment.  Therefore, the ALJ
17 | improperly concluded that Plaintiff's sleep apnea was non-severe.

18 |     In addition, the ALJ found Plaintiff's varicose veins to be a non-severe
19 | impairment.  AR 19.  Although varicose veins caused Plaintiff burning pain, the
20 | ALJ noted that the impairment "should be amenable to proper control by
21 | adherence to recommended medical management and medication compliance".
22 | AR 19.  Dr. Huston, the non-treating, non-examining physician, recommended
23 | that the plaintiff wear compression stockings to help relieve the pain, indicating
24 | that elastic surgery stockings "would be the number one thing that I would
25 | suggest".  AR 53.

26 |     However, Dr. Huston did not indicate that the stockings would allow the
27 | plaintiff to fully regain his ability to work.  AR 52, 53.  Since the ALJ did not
28 | cite evidence that the plaintiff's varicose veins would only minimally impact his

1  ability to do work if the compression stockings were worn, the ALJ improperly

2  found Plaintiff's varicose veins to be a non-severe impairment.

3

4                           III.  ORDER

5        For the forgoing reasons, the Decision of the Commissioner is reversed

6  and remanded for further proceedings pursuant to Sentence 4 of 42 U.S.C. §

7  405(g).

8  DATED: June 19, 2014

9

10  _____

11  STEPHEN J. HILLMAN

12  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28